UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL S. DONOVAN,<br>    Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 05-10202-EFH |
| LOIS RUSSO, SUPERINTENDENT,<br>    Respondent. | )<br>)<br>)<br>) |  |

RESPONDENT'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

      The respondent submits this memorandum in support of its motion to dismiss the petition filed by Michael S. Donovan ("the petitioner") who was convicted in 2000 of aggravated rape, indecent assault and battery and threatening to commit a crime.

      This is the second habeas corpus petition filed by the petitioner in recent months. *See Donovan v. Russo*, USDC Civil Action No. 04-11761. This Court dismissed the earlier petition on December 8, 2004, on exhaustion grounds but, on December 17, 2004, allowed the petitioner's request to re-file it. The re-filed petition is identical to the petition that was dismissed and contains the same fatal legal infirmity, i.e., two grounds included in the petition have never been exhausted in state court as required by 28 U.S.C. § 2254 (b)(1)(A).

      In his 2005 petition, the petitioner again contends that he is imprisoned in violation of his federally secured constitutional rights on the following four grounds:(1) improper and prejudicial comments by prosecutor; (2) improper comments & reference to defendant's silence used to insuate (sic) guilt to jury; (3) unconstitutionally impaneled jury; and (4) ineffective counsel. (Petition, p. 5-6, ¶ 12A-12D). The petition should be dismissed as "mixed" because the petitioner has failed to exhaust remedies on Grounds Three and

2

Four. [1]

## PRIOR PROCEEDINGS

The petitioner's conviction for aggravated rape and other charges was affirmed by the Massachusetts Appeals Court on July 20, 2003. *Commonwealth v. Donovan*, 58 Mass. App. Ct. 631, 792 N.E. 2d 657 (2003)( Exh.1). [2] He raised two issues in his brief to the Massachusetts Appeals Court, i.e., (1) that the prosecutor, in closing argument, made improper comments on his post-Miranda denials that he had committed a crime, and his post-Miranda silence on the issue of consent and also made inflammatory appeals to the jury's sympathies and fears; and (2) that the conviction of kidnapping conviction was duplicative of the convictions of aggravated rape. (Exh. 2 at 1). However the petitioner dropped issue (2) in his Application for Leave to Obtain Appellate Review (ALOFAR) and included only issue (1). The application was denied by the Supreme Judicial Court on September 5, 2003. *Commonwealth v. Donovan*, 440 Mass. 1102, 795 N.E. 2d 573 (2003)(Exh. 4 at 13; Exh. 5).

---

[1] The respondent has again elected to file a dispositive motion to dismiss on exhaustion grounds although other solid affirmative defenses exist, i.e., Ground One does not merit habeas corpus relief under AEDPA and Ground Two is procedurally defaulted. The respondent respectfully reserves the right to file an answer and supplemental answer to the petition or memorandum on the merits in the event that the instant motion is denied.

[2] The respondent submitted the following exhibits from the petitioner's state appeal on November 9, 2004, in connection with the first petition.  **Exhibit 1**: *Commonwealth v. Donovan*, 58 Mass. App. Ct. 631, 702 N.E. 2d 657 (2003); **Exhibit 2**: Brief and Record Appendix for the Defendant  in the Massachusetts Appeals Court, No. 01-P-1760; **Exhibit 3**: Brief for the Commonwealth,  No. 01-P-1760; **Exhibit 4**: Defendant's Application for Further Appellate Review in the Supreme Judicial Court; **Exhibit 5:** *Commonwealth v. Donovan*, 440 Mass. 1102, 795 N.E. 2d 573 (2003)(Application denied.) Respondent's counsel assumes that these documents are still available to the court but will supply another copy if necessary.

3

## ARGUMENT

**THE PETITION SHOULD BE DISMISSED BECAUSE GROUNDS THREE AND FOUR WERE NEVER PRESENTED TO THE SUPREME JUDICIAL COURT AND ARE CLEARLY UNEXHAUSTED**

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (*citing Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). *See also Picard v. Connor*, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)-(2). In addition to ensuring that state courts have the first opportunity to correct their own federal constitutional errors, the exhaustion requirement enables federal courts to accord appropriate respect to the sovereignty of the states and thus promotes comity by "minimiz[ing] friction between our federal and state systems of justice...." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). *See also Rose*, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988) (same).

To satisfy the exhaustion requirement, the petitioner bears the "heavy burden" of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." *Adelson*, 131 F.2d at 262; *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987). It is not enough for the petitioner to set forth the factual basis for his claims; he must also "elucidate the legal foundation of his federal claim" in such a way that its "federal quality" is "readily apparent" to the state court. *Adelson*, 131 F.2d at 262; *Nadworny v. Fair*, 872 F.2d 1093, 1101 (1st Cir. 1989). In other words, the federal issue must be presented "face up and squarely" to the "state's highest tribunal." *Mele*, 850 F.2d

4

at 820, 823 *(quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

An "issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners" of the application for leave to obtain further appellate review ("ALOFAR"). *Mele*, 850 F.2d at 823.

In the case at bar, the petitioner never included Grounds Three and Four in his brief to the Massachusetts Appeals Court or in his ALOFAR in clear violation of the exhaustion principle. (Exh. 2 and 4). No Massachusetts appellate has ever been presented with these allegations. The petitioner raised only one claim in his ALOFAR, i.e., the prosecutor in closing argument made improper comments on the [petitioner's] post-Miranda denials that he committed any crime, and his post-Miranda silence on the issue of consent. (Exh. 4 at 13). [3] There was no mention of an unconstitutionally impaneled jury and ineffective assistance of counsel in his application to the Supreme Judicial Court. (Exh. 4). Petitioner's allegation that he could not exhaust state remedies because his trial counsel failed to make proper objections and/or appellate attorney suffered a conflict of interest do not excuse his failure to exhaust since these ineffective assistance of counsel claims have

---

[3] The petitioner has split the single claim he asserted in his ALOFAR into Grounds One and Two in his habeas petition. In addition to the exhaustion hurdle, Ground Two is in procedural default. There was no objection to the prosecutor's comment on the petitioner's post-Miranda silence, as the petitioner conceded in his state appeal. *Donovan*, 58 Mass. App. Ct. at 636. The Massachusetts Appeals Court held that the issue was not properly preserved and proceeded to review the claim only to determine whether error, if any, created a substantial risk of a miscarriage of justice. *Id.* A habeas court should "'not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Boutwell v. Bissonnette*, 66 F. Supp.2d 243, 245 (D. Mass. 1999) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

5

never been advanced in the state courts either. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986)(exhaustion principle requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default)

Therefore, because the petitioner failed to properly raise all his federal habeas claims to the SJC, he has not afforded that court the opportunity to confront -- let alone correct -- his claimed errors. Petitioner "simply jumped the gun in bringing to a federal habeas forum contentions not first screened by the state courts." *Martens v. Shannon*, 836 F.2d at 718 (footnote omitted). As such, his petition should be dismissed. *See Rose v. Lundy*, 455 U. S. at 518-519; *Picard v. Connor*, 404 U. S. at 276.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Annette C. Benedetto
Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060

**CERTIFICATE OF SERVICE**

      **I hereby certify that a true copy of the above document was served upon the petitioner, pro se, on April 25, 2005, by first class mail, postage prepaid, at the following address:**

**Michael S. Donovan, pro se**
**Souza-Baranowski Correctional Center**
**Harvard Road**
**Box 8000**
**Shirley, MA 01464**

                                                       **/s/ Annette C. Benedetto**
                                                       **Annette C. Benedetto**
                                                       **Assistant Attorney General**