UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL S. DONOVAN
    Petitioner

V.                                          Civil Action No.05-10202-EFH

LOIS RUSSO, SUPERINTENDANT
    Respondent

**PETITIONER'S MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE RESPONDENT'S MOTION TO DISMISS**

    This memorandum is in support of petitioner's motion to strike and dismiss respondent's motion to dismiss, and to allow petitioner to seek relief through it's habeas corpus petition filed under 28 U.S.C. § 2254.

    This is the second habeas corpus petition filed by the petitioner, see DONOVAN V. RUSSO USDC CIVIL ACTION NO.04-11761. The first petition was dismissed on December 8, 2004 by this court for FAILURE TO RESPOND, and not on exhaustion grounds which the respondent claims in it's motion to dismiss. On December 17, 2004 this court allowed the petitioner's request to re-file, after petitioner stated how he never received respondent's first motion to dismiss.

    In it's new motion to dismiss, the respondent attacks all four grounds on which petitioner seeks relief through it's habeas corpus petition. These grounds consist of; GROUND (1) improper and prejudicial comments by prosecutor; GROUND (2) improper comments and references on defendant's silence used to insuate guilt to jury; GROUND (3) unconstitutionally impanelled jury; and GROUND (4) ineffective counsel.

    The respondent requests that the petitioner's habeas corpus petition be dismissed on the grounds that it is mixed, in that petitioner has failed to exhaust remedies on grounds 3 & 4, that ground 1 does not merit habeas relief, and that ground 2 is procedurally defaulted. The petitioner will respond to each of these arguements in proper order.

## ARGUEMENTS

Respondent claims that ground(1) does not merit habeas corpus relief under AEDPA, and that ground(2) is procedurally defaulted. Although grounds (1)&(2) have been claimed as independant grounds, they can, and have been for the sake of this petition, been consolidated as one ground.[1]

Both grounds are governed by the petitioner's Constitutional rights afforded him by the Fifth and Fourteenth amenments of the United States Constitution, thereby making null and void the respondent's claim of being procedurally defaulted.

---

[1] Upon initial filing of the 2nd habeas corpus petition, the petitioner submitted the following documents/exhibits for the court's consideration. EXHIBIT A-brief and record appendix for the defendant to the Mass. Appeals Court. EXHIBIT B-affidavit of witness to jury impropriety. EXHIBIT C-letter from attorney showing petitioner's attempt to having claims added to appellate brief. EXHIBIT D-trial transcript pages of judge's questioning of juror. EXHIBIT E-statement of facts.

Documents also included were, a. habeas corpus petition; b. Civil action cover sheet; c. Copy of electronic filing dated 12/20/04; and d. Copy of letter requesting to re-file petition.

GROUNDS (1)&(2)
### IMPROPER COMMENTS AND PREJUDICIAL COMMENTS MADE BY PROSECUTOR. INFERENCES ON DEFENDANT'S SILENCE.

On grounds (1)&(2), the petitioner has clearly exhausted his state remedies (see exhibits 1 and 5) whereby petitioner was denied relief in the state's Appeals Court, as well as being denied F.A.R. in the Supreme Judicial Court. Both of these grounds were specifically claimed in petitioner's state appeal process.

As for being procedurally defaulted, this claim is quite false, as petitioner has quite clearly, and in good faith, continually pursued these grounds in his appeal, thereby following..."reasonable state law procedures". (Black's Law Dictionary 8th Edition, Garner, p.1241) Procedurally Defaulted definition.

Also, in support of ground (2), as state appellate review is closed, and even if defense counsel did not object to prosecutor's comments, or preserve such, the question then arises whether or not PLAIN ERROR occured. To constitute plain error, the mis-conduct must undermine the fundamental fairness of the trial, and contribute to a miscarriage of justice. see **United States v. Glantz 810 F2d 316,324 (1st circuit) and United States v. Young 470 US 1,16, 105 S.CT. 1038.(1985)**

The claim of Plain Error is inherent in ground(2), and makes federal jurisdiction on this question the only appropriate route to take.

Further, prosecutorial comments upon a defendant's failure to testify, violates the self-incrimination clause of the fifth amendment of the United States Constitiution. (**Griffin v. California, supra**)

In the matter before the court now, the prosecutor's comments were so severe and repetitive, that she argued more on guilt and consciousness of guilt by what defendant [did not say rather than what he did say] Emphasis added. see **TR. V. (36-38)** [2]

---

[2] TR. = Trial Transcript
    V. = Volume
    () = Pages

Inferences such as, "while at the police station, if he had something to say, then was the time to say it", were so improper, that no average person could infer anything but guilt from this remark. see **COMM. V. Haas 373 Mass. 545(1977)** Not only improper in nature, but comments such as this one, were direct comments on the defendant's Constitutional right against self incrimination, and defendant's fifth amendment right to remain silent.

**GROUND (3)**
### UNCONSTITUTIONALLY IMPANELLED JURY

On ground (3), the petitioner offers (Exhibit B) in support of this claim. During trial proceedings, and while on 'break', one member of the jury was seen in an animated, and what appeared to be, quite a personal conversation, with the alleged victim's mother. Once brought to the court's attention, a juror interrogation did take place, however no corrective action was taken, nor was any action requested by defense counsel. (Infringing on ground (4))

The petitioner's sixth amendment right to .....a trial by an impartial jury.....immediately came into question when possible taint by an extraneous source (mother) came to the court's attention (see **Exhibit D**) and all due diligence should have been afforded defendant to ensure that his Constitutional rights were properly preserved.

Further, in regards to ground (3), the petitioner further claims that the court erred in allowing particular individuals to serve on jury, even after repeated objections by defense, see **TR. V.I, (p.1-175 )** thereby forcing defendant to use his peremptory challenges. These actions by the court, constitute an unconstitutionally impanelled jury, and effectively denied petitioner his right to an impartial jury.

As for the respondent's arguement that petitioner did not exhaust state remedies on this ground, the petitioner directs the court's attention to **Exhibit C** and to the further claim of ineffective counsel (ground (4)).

-4-

### GROUND (4)
### INEFFECTIVE ASSISTANCE OF COUNSEL

The respondent in this matter claims that it does not excuse petitioner's failure to exhaust, even if trial/and or appellate attorney failed to make proper objections, or even if a conflict of interest arose.

In **538 US 500, Massaro V. US (US2003)**, the United States Supreme Court held that defendants could raise ineffective - assistance of counsel claim, even though defendant could have but did not raise claim on direct appeal.

Further, in **COMM. V. Grant 813 A.2d 726 (2002)**, the Supreme Court of Pennsylvania changed it's position to hold that, "a claim raising trial counsel's ineffectiveness will no longer be considered waived because new counsel on direct appeal did not raise initial claim.

Also, petitioner would like to refer to **federal form AO 241 (rev.5/85) page 6, question #13 (petition for writ of habeas corpus under 2254)**, where it specifically asks for any grounds that were not previously presented in either state or federal court. These cases, along with the particular form, make it quite evident that the federal court, does in fact hold jurisdiction to review grounds (1-4)

### CONCLUSION

For the aforementioned reasons set forth in the preceeding pages, the petitioner respectfully requests that the respondent's motion to dismiss is deemed null and void, and dismissed for having no merit.

The petitioner further requests that his right to file a supplemental response and/or amend be reserved if this motion is denied.

                                                Respectfully Submitted,
                                                Michael S. Donovan, pro-se
                                                SBCC - P.O.Box 8000
                                                Shirley, Ma. 01464

COMMONWEALTH OF MASSACHUSETTS

### CERTIFICATE OF SERVICE

I Michael S. Donovan do hereby certify, that on this date, May 9th ,2005, a true copy of the below mentioned docuement(s) was served upon all concerned parties by U.S. First Class Mail, Postage Pre-paid.

**Docuements**

1.) MOTION TO DISMISS
2.) PETITIONER'S MEMORANDUM IN SUPPORT OF
3.) 
4.) 
5.) 
6.) 
7.) 

Signed under the pains and penalties of perjury.

Michael S. Donovan pro-se
SBCC
P.O.Box 8000
Shirley, Ma. 01464

Mailed:
/s/Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Ma. 02108