UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL S. DONOVAN,
    Petitioner

V.                                          Civil Action No.05-10202-EFH

LOIS RUSSO, SUPERINTENDANT,
    Respondent

## APPLICATION FOR CERTIFICATE OF APPEALABILITY
## FROM DISTRICT COURT
(Rule 22(b), FRAP, 28 USC § 2253)

To: EDWARD F. HARRINGTON, U.S. District Judge.

    Pursuant to 28 USC § 2253, Rule 22 FRAP, and all applicable First Circuit Rule(s), petitioner Michael S. Donovan hereby requests that the District Court issue a CERTIFICATE OF APPEALABILITY (COA), permitting petitioner to appeal from the judgment entered by the Court on MAY 24, 2005. Said judgment dismissing with prejudice the petition for Writ of Habeas Corpus in the above-entitled action. Concurrently with this application, petitioner has filed a timely Notice of Appeal.

### ISSUES ON WHICH CERTIFICATE OF APPEAL IS SOUGHT

    As the U.S. Supreme Court has stated: "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claim(s). Indeed it may appear on the face of the pleadings that relief is remote and unlikely, but that is not the test."
**Scheuer V. Rhodes, 416 U.S. 232,236(1974).**

    Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim(s) which would entitle him to relief."
**Conley V. Gibson, 355 U.S. 41,45-46(1957)**

    Since petitioner was not afforded the opportunity to amend his claim(s) and his Motion to Strike, petitioner respectfully requests the opportunity to appeal the Court's most recent dismissal.

The Respondent's Motion to Dismiss the action, was allowed on the grounds that;

    a. Petitioner failed to state a claim upon which relief can be granted. FRCP 12(b)(6)

    b. Petitioner had failed to exhaust State remedies on each and every claim asserted, as required by 28 USC § 2254(b)(1)-(2).

In the Petitioner's Writ of Habeas Corpus, the Petitioner sought relief on <u>FOUR</u> distinct grounds:

1. Improper and Prejudicial comments made by prosecutor.
2. Comments and inferences on defendant's silence made by prosecutor.
3. Unconstitutionally Impanelled Jury.
4. Ineffective Assistance of Counsel.

At this time, the Petitioner seeks to Appeal the Dismissal of <u>THREE</u> of these claims.

**ISSUE 1:**

On grounds 1&2, the Petitioner has clearly stated a concise claim upon which relief can be granted, following the guidelines set forth in FRCP RULE 8(a), and has clearly exhausted <u>all</u> State remedies via, Direct Appeal, and Further Appellate Review. [1]

In both Direct Appeal, and Further Appellate Review (State), Petitioner steadfastly held to the principle set forth in **Doyle V. Ohio 426 U.S. 610 (1976)** where a prosecutor may not seek to argue an inference of guilt, or consciousness of guilt, based on what defendant did <u>not</u> say after receiving Miranda Warnings.

During arguement, prosecutor clearly stated how if defendant had something to say, he (defendant) had plenty of time to do so.....if you are looking for the truth, you are not going to find it in what he told police. D.B. P.16 [2]

---

[1] Commonwealth V. Donovan 58 Mass.App.Ct. 631 (2003)
    Commonwealth V. Donovan 440 Mass 1102 (2003) F.A.R.

[2] Defendant's Brief to Massachusetts Appeals Court No. 01-P-1760

Also, in **Commonwealth V. Waite 422 Mass 792 (1996)**, the Court noted that it was "troubled by the prosecutor's bold assertion to the jury that the defendant was 'a liar'", which it held to be Clear Error. Id. at 801. In the present case, the prosecutor made essentially the same statement. D.B. p.16 [2]

Furthermore, where defendant's post arrest statement(s) was not inconsistent with his trial defense, for Doyle purposes, he remained silent and thus cannot be subjected to comments about his failure to say or volunteer anything.
See **United States V. Casamento 887 F2d 1141 (2nd Cir.1989)**

Although defense did make timely objections to such comments and inferences, trial judge gave no curative instructions, leaving the jury with the plausible and formidable thought that if the defendant's trial defense were true, then why didn't he simply tell it to the police (originally)?

The Doyle errors in this case therefore should not be viewed as mere harmless error, rather as the Petitioner contends, they should be viewed as a violation of the Petitioner's right to Due Process, afforded him under the Fourteenth Amendment of the United States Constitution.

**ISSUE 2:**

In regards to ground 4, claiming Ineffective Assistance of Counsel, the Petitioner has stated in his previously submitted petition how defense counsel's representation (or lack of) fell far below the standard(s) allowed any defendant in a criminal prosecution, afforded him by the Sixth Amendment of the United States Constitution. The cumulative effect of defense counsel's errors, ie:

> 1. Failure to present and request evidence in favor of the defendant.
> 2. Failure to properly preserve objections for Appellate review.
> 3. Failure to allow defendant to testify.

all led to the defendant's criminal convictions, and caused a direct miscarriage of justice.
See **Strickland V. Washington 104 S.Ct. 2052 (1984)**

As to error No.1, Petitioner specifically asked of defense counsel that blood residue which was found to be in and on defendant's pick up truck, be tested, as defendant clearly believes it to be his own, and not that of the alleged victim which was insuated by the prosecutor.(Door Handle & Steering Wheeel)

Further, in regards to proper evidence procedures, defense counsel failed to submit into evidence, "Fresh Complaint" police report clearly stating contradictory statements by alleged victim. Although police report was referred to during police testimony, it was never properly submitted. This error came to light, when while jury deliberations were taking place, the jury submitted a request to view this document(evidence)and the judge denied such request as it was not labeled as an exhibit. Thereby depriving the defendant of any recourse.

Error No.2, specifically involves a jury issue, where one juror was discovered talking to a relative of the alleged victim during a "break" in the trial. Upon questioning of juror by the trial judge, the judge in his discretion found no taint, and although defendant inquired of counsel about a mis-trial, or at the very least, having said juror replaced with an alternate, <u>no action</u> was taken. Although remote, a distinct possibility of jury taint existed, and all due diligence should have been afforded defendant, to assure his Sixth Amendment Right to an impartial jury.

In regards to Error No.3, where the defendant did not testify at his State trial, this error consists of the fact that it was not done voluntarily, rather it was done at the bequest of defense counsel, where she stated that "my clients do not take the stand". Further, defense counsel's reasoning was based on the reasoning that if defendant did not take the stand and testify, his prior criminal record could not be introduced to

-4-

impeach defendant. Although defense counsel's reasoning may appear valid, it nevertheless deprived defendant of being an active participant in his own defense, in clear violation of Article Twelve of the Massachusetts Declaration Of Rights, and both the Fifth and Sixth Amendments of the United States Constitution.

   In support of Petitioner's IAC claim, Petitioner would like to refer to a recent U.S. Supreme Court decision, where the Court held that defendants could raise ineffective assistance of counsel claims, even though defendant could have, but did not, raise claim on direct appeal.
See **538 U.S. 500 Massaro V. U.S. (2003)**

   In regards to petitioner's original claim of an unconstitutionally impanelled jury, (ground 3), petitioner respectfully concedes to the facts that State remedies were not fully exhausted, and withdraws this particular claim.

   For the aforementioned reasons, the Petitioner prayerfully requests that this Honorable Court accept the Petitioner's application, and grant the Certificate of Appealability.

                                        Respectfully Submitted,

                                        Michael S. Donovan, pro-se
                                        SBCC   P.O.Box 8000
                                        Shirley, Ma. 01464

Dated: 5/31 ,2005

-5-

## ADDENDUM

### United States Constitution

#### Fifth Amendment

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use, without just compensation.

#### Fourteenth Amendment

SEC. 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

### Massachusetts Declaration of Rights

#### Article Twelve

No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land. And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment, excepting for the government of the army and navy, without trial by jury.

COMMONWEALTH OF MASSACHUSETTS

### CERTIFICATE OF SERVICE

I Michael S. Donovan do hereby certify, that on this date, _May 31st_, 2005, a true copy of the below mentioned document(s) was served upon all concerned parties by U.S. First Class Mail, Postage Pre-paid.

**Docuements**

1.) NOTICE OF APPEAL
2.) Application For COA
3.) _____
4.) _____
5.) _____
6.) _____
7.) _____

Signed under the pains and penalties of perjury.

_____
Michael S. Donovan pro-se

Mailed To:
/s/Annette C. Benedetto
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Ma. 02108